**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4516**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEE RICHARD JENKINS, a/k/a Lee Jenkins, a/k/a
Richard Lee Jenkins,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  W. Craig Broadwater,
District Judge.  (CR-01-24)

---

Submitted:  January 12, 2004      Decided:  February 10, 2004

---

Before KING, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Timothy M. Sirk, Keyser, West Virginia, for Appellant.  Thomas E.
Johnston, United States Attorney, Thomas O. Mucklow, Assistant
United States Attorney, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Lee Richard Jenkins pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2000), and to distribution of crack cocaine within 1000 feet of a school, in violation of 18 U.S.C. § 2 (2000); 21 U.S.C. §§ 841(a)(1), 860. Jenkins, in his plea agreement, waived his right to appeal or collaterally attack any sentence within the statutory maximum. He was sentenced to 78 months incarceration, 5 years of supervised release, and a $100 special assessment. Jenkins' counsel has filed an appeal under Anders v. California, 386 U.S. 738 (1967), asserting the sentencing court erred in assessing Jenkins' criminal history. Jenkins was informed of his right to file a supplemental brief but did not do so.

We review the validity of a defendant's waiver of appellate rights de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Jenkins' waiver is valid and his appeal is therefore meritless. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990); United States v. Wessells, 936 F.2d 165, 168 (4th Cir. 1991).

Accordingly, we affirm Jenkins' convictions and sentence. In accordance with Anders, we have reviewed the entire record in this case and find no other meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further

review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

AFFIRMED